Long Park, Inc., Suing for Itself and All Other Stockholders of Trenton-New Brunswick Theatres Company, Similarly Situated, Plaintiff, *v.* Trenton-New Brunswick Theatres Company et al., Defendants.

Supreme Court, Special Term, New York County, October 22, 1946.

*Solomon Goodman* for plaintiff.

*Harry Rodwin* for Trenton-New Brunswick Theatres Company and others, defendants.

*Walter Schlesinger* for Trenton Theatre Building Company and others, defendants.

NULL, J. The plaintiff is a stockholder in the defendant Trenton-New Brunswick Theatres Company, a foreign corporation, hereinafter referred to as " Trenton ". The action was instituted to enjoin the defendant B. F. Keith Corporation, hereinafter referred to as " Keith ", from continuing the management and supervision of certain theatres owned or controlled by the defendant " Trenton ", and for an accounting. With one exception, all the corporations involved in this action are New Jersey corporations. The defendant " Keith " is a New York corporation. The parties, however, have stipulated that the stockholders' agreement of September 1, 1942, was to be construed in accordance with the laws of the State of New York. In that connection it may be pertinent to note that the corresponding New Jersey statute (New Jersey Statutes, tit. 14, Corporation General, § 14:7–1) is almost identical with the text of the New York statute.

On the trial the plaintiff's counsel introduced in evidence the agreement dated as of September 1, 1942, but actually executed by all the stockholders of the defendant " Trenton ", among others, on April 28, 1943. The plaintiff urged that articles XIV, XV and XVI of the agreement, which set forth the terms and conditions under which the defendant " Keith " was to manage the theatres operated by the defendant " Trenton ", contravened public policy and hence were invalid. With the admission of this agreement in evidence the plaintiff rested.

In the circumstances, the action takes on the character of a suit for a declaratory judgment. The question to be determined

is whether, on its face, and unrelated to any actual or pending corporate action, the challenged portion of the agreement offends public policy as declared in section 27 of the General Corporation Law of the State of New York, which provides that "The business of a corporation shall be managed by its board of directors * * *." With the issue thus presented in the abstract, the public policy of the State applicable to agreements subscribed to by all the stockholders of a corporation can best be stated in the language of the Court of Appeals in its dictum in the case of *Clark* v. *Dodge* (269 N. Y. 410, 415), as follows: "Public policy, the intention of the Legislature, detriment to the corporation, are phrases which in this connection mean little. Possible harm to *bona fide* purchasers of stock or to creditors or to stockholding minorities have more substance; but such harms are absent in many instances. If the enforcement of a particular contract damages nobody — not even, in any perceptible degree, the public — one sees no reason for holding it illegal, even though it impinges slightly upon the broad provision of section 27. Damage suffered or threatened is a logical and practical test, and has come to be the one generally adopted by the courts."

There was no claim or evidence of any breach of trust or of other misconduct by the defendants "Keith" and "Trenton". Nor was there any showing of any actual or threatened injury to the corporate enterprise, its creditors, its stockholders, or the general public interest. Neither was there any showing that the rights of the plaintiff had been prejudiced by the action of "Trenton" or its board of directors. Accordingly, there is no basis for injunctive relief, and judgment is granted in favor of the defendant.

The plaintiff's objections to the receipt in evidence of the corporate minutes for the period prior to September 1, 1942, the deposition before trial of Walter Reade and the stipulation relating to that examination are sustained, and it is directed that these documents be stricken from the record. In other respects the plaintiff's motions to strike out, on which decisions were reserved, are denied.